FILED
08 OCT 28 AM 9:37

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAUSTINO MENDOZA,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>                  Defendants. | Case No. 08-CV-0933 W (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 14)** |

On May 27, 2008, Plaintiff Faustino Mendoza filed this lawsuit for relief under the Administrative Procedures Act, 5 U.S.C. § 702. Defendants now seek to dismiss the First Amended Complaint (FAC) on the grounds that it fails to state a claim, and because the Court lacks subject matter jurisdiction. Plaintiff has not filed an opposition.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** Defendants' motion. (Doc. No. 14.)

I.  **BACKGROUND**

Plaintiff Faustino Mendoza is a native and citizen of Mexico. (*FAC*, ¶1.) He has been convicted of four misdemeanor crimes. (*Id.*, ¶7.)

On March 2, 1978, Plaintiff was ordered removed from the United States. (*Id.*, ¶15.) Plaintiff's appeal of the decision was denied in 1980. (*Id.*)

On June 3, 2003, Plaintiff filed an application for adjustment of status with the United States Citizenship and Immigration Service (USCIS) under the Legal Immigration Family Equity (LIFE) Act, Pub. L. No. 106-533, 114 Stat. 2762 (codified as amended in various sections of 8 U.S.C.) (*FAC*, ¶5.) Plaintiff's application was denied, and he filed an appeal with USCIS Administrative Appeals Office (AAO). (*Id.*, ¶¶6–7.)

In his appeal, Plaintiff argued that because one of his convictions was vacated and another reduced to an infraction, Plaintiff suffered only two misdemeanor convictions and is, therefore, statutory eligible for LIFE Act adjustment of status. (*Id.*, ¶7.) On April 8, 2008, the AAO rejected Plaintiff's argument. (*Id.*, ¶8.)

On May 27, 2008, Plaintiff filed this lawsuit challenging the AAO's decision. Plaintiff seeks an order finding him eligible for adjustment of status, and ordering Defendants to grant his application for adjustment of status under the LIFE Act. (*Id.*, ¶A.)

On September 12, 2008, Defendants filed the pending motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The hearing on the motion was set for October 20, 2008. Plaintiff has not filed an opposition.

II.  **LEGAL STANDARD**

Rule 12(b)(6) allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion tests a complaint's legal sufficiency. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Thus, dismissal is proper only where the plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See id. "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations,' a claim must be dismissed . . . whether it is based on an outlandish legal theory or a close but ultimately unavailing one." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989) (citations omitted). Finally, in evaluating the motion, a court must accept the complaint's allegations as true and construe the complaint in the light most favorable to the plaintiff. See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over the subject matter[.]" Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party in a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. McCauley v. Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001). And unlike a Rule 12(b)(6) motion, "a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (citing Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979)); see also Marriot Intern., Inc. v. Mitsui Trust & Banking Co., Ltd., 13 F.Supp. 2d 1059, 1061 (9th. Cir. 1998).

### III. DISCUSSION

As an initial matter, the Court grants Defendants' motion to dismiss based on Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1. The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond. See generally Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Civil Local Rule 7.1.f.3.c. expressly provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Here, Plaintiff did

not file an opposition and has not requested additional time in which to do so. Moreover, Plaintiff provides no evidence that Defendants' moving papers failed to reach the mailing address designated in Defendants' Proof of Service or that Plaintiff was not aware of this pending motion. Relying on Civil Local Rule 7.1.f.3.c., the Court deems Plaintiff's failure to oppose Defendants' motion to dismiss as consent to its merits. Accordingly, the Court **GRANTS** Defendants' motion to dismiss.

Furthermore, the Court finds that Defendants' unopposed motion demonstrates that Plaintiff has failed to establish subject matter jurisdiction. The LIFE Act circumscribes judicial review of a determination of an adjustment of status application to review through an order of deportation under 8 U.S.C. § 1105. See 8 U.S.C. § 1255a(f)(4)(A); Orquera v. Ashcroft, 357 F.3d 413, 416 (4th Cir. 2003) ("Under § 1255a(f)(4)(A), an alien may obtain judicial review of a denial of an application for amnesty only in review of a final deportation order. . . .")

Here, Plaintiff does not allege that he was ordered removed after the AAO denied his application on April 8, 2008. And although he alleges that he was ordered deported in 1978, there is no indication that he sought judicial review of that deportation order. Because Plaintiff is not seeking review of the AAO's decision through a deportation order, this Court lacks subject matter jurisdiction.

IV. **CONCLUSION AND ORDER**

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss (Doc. No. 14), and **DISMISSES** this action **WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATE: October 27, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California